******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

IVAN DIAZ *v.* COMMISSIONER OF CORRECTION
(SC 19527)

Palmer, Eveleigh, McDonald, Espinosa and Robinson, Js.*

Argued December 6, 2016—officially released August 8, 2017

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland, where the petition was withdrawn in part; thereafter, the matter was tried to the court, *Sferrazza, J.*; judgment dismissing the petition, from which the petitioner, on the granting of certification, appealed to the Appellate Court, *Gruendel, Mullins* and *Dupont, Js.*, which reversed the habeas court's judgment and remanded the case for further proceedings, and the respondent, on the granting of certification, appealed to this court. *Appeal dismissed.*

*Michael J. Proto*, assistant state's attorney, with whom, on the brief, was *John C. Smriga*, state's attorney, for the appellant (respondent).

*James E. Mortimer*, with whom, on the brief, was *Michael D. Day*, for the appellee (petitioner).

*Opinion*

PER CURIAM. The respondent, the Commissioner of Correction, appeals, upon our grant of certification, from the judgment of the Appellate Court reversing the judgment of the habeas court, which dismissed, sua sponte, the habeas petition of the petitioner, Ivan Diaz. The habeas court concluded that the petitioner had procedurally defaulted his claims by way of deliberate bypass, thus depriving that court of subject matter jurisdiction over the petition. The Appellate Court grounded its decision to reverse and remand for further proceedings on its conclusion that the habeas court improperly had acted sua sponte on the basis of that court's incorrect conclusion that the deliberate bypass standard implicates subject matter jurisdiction. *Diaz* v. *Commissioner of Correction*, 157 Conn. App. 701, 705, 707, 117 A.3d 1003 (2015). We granted the respondent's petition for certification to appeal, limited to the following question: "Did the Appellate Court properly determine that it was improper, based on the record of this habeas petition, for the trial court to sua sponte dismiss the petition on procedural default grounds?" *Diaz* v. *Commissioner of Correction*, 318 Conn. 903, 122 A.3d 632 (2015).

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

\* The listing of justices reflects their seniority status on this court as of the date of oral argument.